MEMORANDUM **
1. The appeal to this court was timely filed. The motion that ECC Systems filed in the district court, pursuant to Federal Rule of Civil Procedure 59(e), asking that court to reconsider its affirmance of the bankruptcy court’s decision, properly may be treated as a motion for rehearing under Bankruptcy Rule 8015. We have held that the label that a party attaches to a post-judgment motion is not dispositive for purpose of tolling the time in which to file a notice of appeal. See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69, 374 F.3d 857, 863 (9th Cir. 2004). ECC’s motion therefore tolled its time for filing a notice of appeal, making its appeal timely.
2. Because the Supreme Court of California apparently has not determined the permissible kind of damages for breach of a contract to negotiate an agreement, this court is “ ‘bound to follow’ the California Court of Appeal’s interpretation of California law ‘absent convincing evidence that the California Supreme Court would reject the interpretation.’ ” California Pro-Life Council v. Getman, 328 F.3d 1088, 1099 (9th Cir.2003) (quoting In re Watts, 298 F.3d 1077, 1082 (9th Cir.2002)).
In Copeland v. Baskin Robbins, U.S.A., 96 Cal.App.4th 1251, 117 Cal.Rptr.2d 875 (2002), the court of appeal held that under California law a party to a contract to negotiate an agreement (1) may sue for its breach and (2) may recover only reliance damages. Id. at 877. The court stated the latter holding three times. Id. at 877, 883-84, 885.
The court also explained in some detail the reasons for its holding:
damages for breach of a contract to negotiate an agreement are measured by the injury the plaintiff suffered in relying on the defendant to negotiate in good faith. This measure encompasses the plaintiffs out-of-pocket costs in conducting the negotiations and may or may not include lost opportunity costs. The plaintiff cannot recover for lost expecta *521 tions (profits) because there is no way of knowing what the ultimate terms of the agreement would have been or even if there would have been an ultimate agreement ...
The only damages Copeland seeks in his complaint are derived from what he would have received if the underlying contract had been consummated, e.g., the profits he hoped to earn through the co-packing agreement and other ice cream sales. Satisfactory proof of such damages is impossible because there is no way to know what the eventual terms of the co-packing agreement would have been, or even if the parties would have reached an agreement.
Id. at 885, 886 (footnotes omitted).
The court of appeal unequivocally held that only reliance damages are recoverable in a suit for breach of a contract to negotiate an agreement, and ruled that Copeland could not show such damages. Copeland cannot be viewed, as ECC Systems would do, as holding only that, on the particular facts of that case, Copeland had not shown that he could prove reliance damages. It held, more broadly, that those are the only damages available in such cases.
There is no reason to believe that the California Supreme Court would reject the court of appeal’s holding that California law permits recovery of only reliance damages in a suit for breach of a contract to negotiate an agreement. The Copeland opinion clearly and convincingly explains the reasons for that ruling. Nothing ECC Systems asserts would lead us to reject or distinguish Copeland.
Both the bankruptcy court and the district court correctly concluded that the breach-of-contract damages ECC Systems sought in this law suit were not limited to reliance damages, but sought the more expansive category of expectation damages. Like the plaintiff in Copeland, ECC Systems sought to recover large sums— approximately $47 million, $24 million, or $35 million, under varying theories — reflecting the profits it allegedly would have made if the contract to negotiate an agreement had been performed and the projected joint venture had succeeded. Those damages, however, were wholly speculative. They are not the reliance damages that under California law as set forth in Copeland are the only damages available for breach of a contract to negotiate an agreement.
3. Because we conclude that under California law only reliance damages are recoverable for breach of a contract to negotiate and that ECC Systems’ claims for lost profits were not for reliance damages, we need not decide whether the bankruptcy court correctly held that the 2001 oral notice was sufficient to terminate the agreement to negotiate. Because ECC failed to establish its damages case as a matter of law, the district court did not err in granting partial judgment in favor of Mallinckrodt under Rule 52(c).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.